# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LINDA REED | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-0010 |
| | § | Judge Clark/Judge Mazzant |
| MARMAXX OPERATING CORP. d/b/a | § | |
| MARSHALLS and THE TJX COMPANIES, | § | |
| INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Marmaxx Operating Corp. d/b/a Marshalls and the TJX Companies, Inc.'s Objections to and Motion to Strike Plaintiff's Evidence Filed in Support of her Response to Defendants' Motion for Summary Judgment (Dkt. #19).[1] After considering the motion, response, reply, sur-reply, and other relevant pleadings, the Court finds this motion is granted in part and denied in part.

## BACKGROUND

This is a premises liability lawsuit related to an incident involving Plaintiff Linda Reed that occurred on November 29, 2011, at the Marshalls store in Plano, Texas. Plaintiff alleges that she sat down on a bench to try on a pair of boots and while attempting to stand up, she leaned on what she believed was a "table," but which was actually a trash can with a box on top of it. Plaintiff claims she sustained injuries from a fall when this perceived "table" collapsed, and she contends that Defendant's negligence was the proximate cause of her alleged injuries.

On Tuesday, November 26, 2013, Sarah Kelly ("Kelly"), a paralegal with Powers Taylor LLP, submitted Plaintiff's Original Petition ("Petition") for e-filing, via One Legal. Plaintiff

---

[1] This motion was filed on behalf of both Defendants Marmaxx Operating Corp. d/b/a Marshalls and The TJX Companies, Inc. However, on October 2, 2014, the parties filed an Agreed Stipulation of Dismissal Without Prejudice (Dkt. #31), in which they agreed that Defendant The TJX Companies, Inc., should be dismissed without prejudice. Thus, the Court will consider this motion only as to Marmaxx Operating Corp., and where this order refers to "Defendant" it is referring to Marmaxx Operating Corp.

believed her Petition had been timely filed, as Kelly did not receive any notification from One Legal that the Petition's filing had been rejected.

The statute of limitations in this case ran on November 29, 2013.[2] Because November 29, 2013, fell on the Friday after Thanksgiving, the Collin County District Court was closed. Thus, the deadline for filing this lawsuit was extended to the Monday following the Friday holiday, December 2, 2013, pursuant to Texas Civil Practice and Remedies Code Section 16.072.

On December 3, 2013, Kelly called One Legal to determine the status of the Petition and the issuance of citations. One Legal checked its records and discovered that the filing had been automatically rejected, re-filed, and rejected again on November 26, 2013, all within one minute, without providing One Legal any notification that the filing had been rejected. Up until this time, One Legal was not aware that Plaintiff's Petition had not been successfully filed.

On December 5, 2013, John Borah ("Borah"), attorney for Plaintiff, drove to the Collin County Courthouse and filed the Petition in person. The case was assigned to the 219th Judicial District Court over which Judge Scott J. Becker ("Judge Becker") presides. On January 7, 2014, Defendants jointly removed Cause No. 219-04873-2103 to this Court.

On May 23, 2014, Defendants filed a motion for summary judgment (Dkt. #15). On June 9, 2014, Plaintiff filed a response (Dkt. #16). On June 19, 2014, Defendants filed a reply (Dkt. #17). On June 30, 2014, Plaintiff filed a sur-reply (Dkt. #20).

On June 20, 2014, Defendants filed their objections and motion to strike Plaintiff's evidence filed in support of her response to the summary judgment motion (Dkt. #19). On July 7, 2014, Plaintiff filed a response (Dkt. #21). On July 17, 2014, Defendants filed a reply (Dkt. #22). On July 28, 2014, Plaintiff filed a sur-reply (Dkt. #25).

---

[2]By the Court's calculation, the statute of limitations would have run on November 28, 2013; however, since this date fell on Thanksgiving day, a national holiday, the statute of limitations would have been extended to the following day, November 29, 2013.

**ANALYSIS**

"A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c). "An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knolwedge set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4); see also Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990). Affidavits asserting personal knowledge must include enough factual support to show that the affiant possesses such knowledge. *Amie v. El Paso Sch. Dist.*, 253 F. App'x 447, 451 (5th Cir. 2007).

***Objections to the Declaration of Kristal Haglund ("Haglund") (Dkt. #16, Ex. 2)***

Defendant objects to paragraph 2 of the declaration of Haglund on the basis that Haglund lacks personal knowledge of the events or communications described in her declaration. Defendant asserts that the entire declaration should be struck on this basis.

In paragraph 2 of her declaration Haglund states that she is a Regional Manager with One Legal, LLC, and oversees all branches in Northern California, as well as the concierge team that is responsible for submitting eFiling orders for customers in Texas (Dkt. #16, Ex. 2, ¶ 2). Haglund monitors customer issues and provides research and follow-up as needed. *Id*. Haglund states that both she and a member of her staff, Karma Montoya, conducted the research for the particular filing of this petition. Personal knowledge of an affiant may be inferred from the affiant's position with the company. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). Haglund conducted the investigation with the assistance of a member of her staff, and she is responsible for handling customer issues and research as needed. It can be inferred that Haglund has personal knowledge of the events testified to in her declaration, there is nothing

inadmissible about the statements contained in paragraph 2, and this objection is overruled. The Court will address Defendant's hearsay objections *infra*.

Defendant objects to paragraph 8 because it "contains unsupported speculation, and the declarant lacks personal knowledge." Defendant particularly objects to Haglund's statement that, "[It] is significant that these events happened so quickly, because it reflects that despite the fact the Court had received the submission, there was some sort of technical glitch that caused the submission to be automatically cancelled" (Dkt. #16, Ex. 2, ¶ 8). Defendant states that Haglund has no personal knowledge of technical issues, and no basis or explanation for her conclusion. The Court agrees, and finds that the following sentence should be stricken from Haglund's declaration: "It is significant that these events happened to quickly, because it reflects that despite the fact the Court had received the submission, there was some sort of technical glitch that caused the submission to be automatically cancelled" (Dkt. #16, Ex. 2 ¶ 8). This objection is sustained.

Defendant objects to paragraph 9 on the basis of hearsay. Defendant objects to the statements made by Haglund that relate the contents of a conversation between an unnamed representative and the Collin County Supervising Clerk, "Larauna." Plaintiff argues that the objectionable statements are not hearsay because they are not being made for the truth of the matter asserted. Rather, Plaintiff contends that the statements are offered to show the context of the filing transaction and the information One Legal acted upon. The Court agrees that the statements made by Larauna are hearsay statements, and if they are being offered to show the context of the filing transaction, then the statements made are not relevant for that purpose. If the statements made by Larauna are false, then they are not relevant. Further, the statements made do not qualify under any of the exceptions to the hearsay rule. *See* FED. R. EVID. 803. The

state of mind exception to the hearsay rule only applies where it relates to the declarant's state of mind. *See* FED. R. EVID. 803(3). Accordingly, the Court finds that the following statement should be stricken from Haglund's declaration: "When asked about getting Plaintiff's Original Petition backdated, Larauna stated that the best thing to do was to have the attorney file it in person and then address the judge about getting it backdated, as the judge was being lenient because of the technical issues" (Dkt. #16, Ex. 2 ¶ 9). This objection is sustained.

Defendant objects to paragraph 10 because "it is based on speculation, the declarant admits a lack of personal knowledge and it includes inadmissible hearsay" (Dkt. #19 at 4). The Court agrees that this information is hearsay not admissible under any exception to the hearsay rule, and that it is speculation. This objection is sustained, and the following sentences will be stricken from Haglund's declaration: "It is my understanding, from my review of the One Legal notes created in Order 0400365 on December 4, 2013, that eFileTexas.gov was experiencing a lot of technical issues on November 26, 2013. According to Supervising Court Clerk Larauna, the eFiling system had been 'touchy'" (Dkt. #16, Ex. 2 ¶ 10). As for exhibit B to the affidavit of Haglund, the Court finds that the second and third sentences of the note dated 12/4/2013 at 1:22 PM should also be stricken as inadmissible hearsay.

***Objections to the Declaration of Sarah Kelly ("Kelly") (Dkt. #16, Ex. 3)***

Defendant objects to portions of paragraphs 4, 5, and 6 of the declaration of Kelly on the basis of hearsay not admissible under any exception to the hearsay rule. The statements objected to refer to certain statements that Kelly explains were made to her by an unknown vendor, statements made by Kelly to Borah, and statements made by the Collin County District Clerk's office. The Court agrees that these statements are hearsay statements and are not admissible under any exception to the hearsay rule. The sentence in paragraph 4 beginning, "Their

representative told me at that time…" and going all the way to the end of the paragraph will be stricken (Dkt. #16, Ex. 3 ¶ 4). Paragraphs 5 and 6 will be stricken in their entirety (Dkt. #16, Ex. 3 ¶ 5-6). Defendant's objection to hearsay is sustained.

***Objections to the Declaration of J.T. Borah ("Borah") (Dkt. #16, Ex. 4)***

Defendant objects to paragraphs 3, 4, and 6 of the declaration of Borah on the basis that Borah lacks personal knowledge and it is based on multiple levels of hearsay. The Court agrees that these statements are hearsay not admissible under any exception to the hearsay rule, and in some cases are hearsay within hearsay statements. Defendant's objection is sustained and the Court finds that paragraphs 3, 4, and 6 will be stricken in their entirety (Dkt. #16, Ex. 4 ¶ 3-4, 6).

## CONCLUSION

Based on the foregoing, the Court finds that Defendants MarMaxx Operating Corp. d/b/a Marshalls and the TJX Companies, Inc.'s Objections to and Motion to Strike Plaintiff's Evidence Filed in Support of her Response to Defendants' Motion for Summary Judgment (Dkt. #19) is **GRANTED IN PART** and **DENIED IN PART**.

The following portions will be stricken from the summary judgment record:

1. From paragraph 8 of the declaration of Kristal Haglund, the following will be stricken: "It is significant that these events happened so quickly, because it reflects that despite the fact the Court had received the submission, there was some sort of technical glitch that caused the submission to be automatically cancelled" (Dkt. #16, Ex. 2 ¶ 8).

2. From paragraph 9 of the declaration of Kristal Haglund, the following will be stricken: "When asked about getting Plaintiff's Original Petition backdated, Larauna stated that the best thing to do was to have the attorney file it in person and then address the judge about

getting it backdated, as the judge was being lenient because of the technical issues" (Dkt. #16, Ex. 2 ¶ 9).

3. From paragraph 10 of the declaration of Kristal Haglund, the following will be stricken: "It is my understanding, from my review of the One Legal notes created in Order 0400365 on December 4, 2013, that eFileTexas.gov was experiencing a lot of technical issues on November 26, 2013. According to Supervising Court Clerk Larauna, the eFiling system had been 'touchy'" (Dkt. #16, Ex. 2 ¶ 10).

4. From Exhibit B to the declaration of Kristal Haglund, the Court finds that the second and third sentences of the note dated 12/4/2013 at 1:22 PM will be stricken (Dkt. #16, Ex. 2, Ex. B).

5. From paragraph 4 of the declaration of Sarah Kelly the sentence beginning "Their representative told me at that time…" and going all the way to the end of the paragraph will be stricken (Dkt. #16, Ex. 3 ¶ 4).

6. Paragraphs 5 and 6 of the declaration of Sarah Kelly will be stricken in their entirety (Dkt. #16, Ex. 3 ¶ 5-6).

7. Paragraphs 3, 4, and 6 from the declaration of J.T. Borah will be stricken in their entirety (Dkt. #16, Ex. 4 ¶ 3-4, 6).

**IT IS SO ORDERED.**
**SIGNED this 10th day of November, 2014.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE