# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LINDA REED | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-10 |
| | § | Judge Mazzant |
| MARMAXX OPERATING CORP. | § | |
| d/b/a MARSHALLS and | § | |
| THE TJX COMPANIES, INC. | § | |

## MEMORANDUM OPINION AND ORDER[1]

Pending before the Court is Defendants'[2] Motion for Summary Judgment (Dkt. #15). The Court, having considered the relevant pleadings, finds that Defendants' Motion for Summary Judgment should be granted.

## BACKGROUND[3]

---

[1] On November 7, 2014, the undersigned entered a report and recommendation in this case as the United States Magistrate Judge to whom this case was referred. This case is now assigned to the undersigned as the presiding United States District Judge, and this memorandum opinion and order is issued accordingly.

[2] This motion was filed on behalf of both Defendants Marmaxx Operating Corp. d/b/a Marshalls and The TJX Companies, Inc. However, on October 2, 2014, the parties filed an Agreed Stipulation of Dismissal Without Prejudice (Dkt. #31), in which they agreed that Defendant The TJX Companies, Inc., should be dismissed without prejudice. Thus, the Court will consider this motion only as to Marmaxx Operating Corp., and where this report and recommendation refers to "Defendant" it is referring to Marmaxx Operating Corp.

[3] In a memorandum opinion and order entered contemporaneously with this opinion, the Court ordered that the following evidence be stricken from the record:
1. From paragraph 8 of the declaration of Kristal Haglund, the following will be stricken: "It is significant that these events happened so quickly, because it reflects that despite the fact the Court had received the submission, there was some sort of technical glitch that caused the submission to be automatically cancelled" (Dkt. #16, Ex. 2 ¶ 8).
2. From paragraph 9 of the declaration of Kristal Haglund, the following will be stricken: "When asked about getting Plaintiff's Original Petition backdated, Larauna stated that the best thing to do was to have the attorney file it in person and then address the judge about getting it backdated, as the judge was being lenient because of the technical issues" (Dkt. #16, Ex. 2 ¶ 9).
3. From paragraph 10 of the declaration of Kristal Haglund, the following will be stricken: "It is my understanding, from my review of the One Legal notes created in Order 0400365 on December 4, 2013, that eFileTexas.gov was experiencing a lot of technical issues on November 26, 2013. According to Supervising Court Clerk Larauna, the eFiling system had been 'touchy'" (Dkt. #16, Ex. 2 ¶ 10).
4. From Exhibit B to the declaration of Kristal Haglund, the Court finds that the second and third sentences of the note dated 12/4/2013 at 1:22 PM will be stricken (Dkt. #16, Ex. 2, Ex. B).
5. From paragraph 4 of the declaration of Sarah Kelly the sentence beginning "Their representative told me at that time…" and going all the way to the end of the paragraph will be stricken (Dkt. #16, Ex. 3 ¶ 4).

This is a premises liability lawsuit related to an incident involving Plaintiff Linda Reed that occurred on November 29, 2011, at the Marshalls store in Plano, Texas. Plaintiff alleges that she sat down on a bench to try on a pair of boots and while attempting to stand up, she leaned on what she believed was a "table," but which was actually a trash can with a box on top of it. Plaintiff claims she sustained injuries from a fall when this perceived "table" collapsed, and she contends that Defendants' negligence was the proximate cause of her alleged injuries.

On Tuesday, November 26, 2013, Sarah Kelly ("Kelly"), a paralegal with Powers Taylor LLP, submitted Plaintiff's Original Petition ("Petition") for e-filing, via One Legal, LLC ("One Legal"). Plaintiff believed her Petition had been timely filed, as Kelly did not receive any notification from One Legal that the Petition's filing had been rejected.

The statute of limitations in this case ran on November 29, 2013[4]. Because November 29, 2013, fell on the Friday after Thanksgiving, the Collin County District Court was closed. Thus, the deadline for filing this lawsuit was extended to the Monday following the Friday holiday, December 2, 2013, pursuant to Texas Civil Practice and Remedies Code Section 16.072.

On December 3, 2013, Kelly called One Legal to determine the status of the Petition and the issuance of citations. One Legal checked its records and discovered that the filing had been automatically rejected, re-filed, and rejected again on November 26, 2013, all within one minute,

---

6. Paragraphs 5 and 6 of the declaration of Sarah Kelly will be stricken in their entirety (Dkt. #16, Ex. 3 ¶ 5-6).

7. Paragraphs 3, 4, and 6 from the declaration of J.T. Borah will be stricken in their entirety (Dkt. #16, Ex. 4 ¶ 3-4, 6).

Accordingly, the Court has not considered this evidence in its decision on summary judgment.

[4] By the Court's calculation, the statute of limitations would have run on November 28, 2013; however, since this date fell on Thanksgiving day, a national holiday, the statute of limitations would have been extended to the following day, November 29, 2013.

without providing One Legal any notification that the filing had been rejected. Up until this time, One Legal was not aware that Plaintiff's Petition had not been successfully filed. Upon learning the information, Kelly immediately informed J.T. Borah ("Borah"), one of the attorneys on the case, that One Legal had not been able to resolve the problem and that an attorney would have to file the Petition in person. The Petition was filed by Borah in person on December 5, 2013. On January 7, 2014, Defendants jointly removed Cause No. 219-04873-2103 to this Court.

On May 23, 2014, Defendants filed a motion for summary judgment (Dkt. #15). On June 9, 2014, Plaintiff filed a response (Dkt. #16). On June 19, 2014, Defendants filed a reply (Dkt. #17). On June 30, 2014, Plaintiff filed a sur-reply (Dkt. #20).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant

bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257.

## DISCUSSION AND ANALYSIS

Defendant moves for summary judgment asserting that Plaintiff's claims are barred because Plaintiff's Original Petition was filed in state court after the applicable two-year statute of limitations expired, there is no basis for tolling the limitations period, and Texas law does not provide a good cause exception to the enforcement of the limitations period.

A negligence claim arising from a personal injury must be brought within two years from the date of injury. *See* TEX CIV. PRAC. & REM. CODE § 16.003(a); *Porterfield v. Ethicon, Inc.*, 183 F.3d 464, 467 (5th Cir. 1999). A cause of action accrues when "a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). In personal injury actions, this means when the wrongful act effects an injury. *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex. 1977).

There is no dispute that this is a claim for personal injury and that the two-year statute of limitations is applicable to Plaintiff's claims against Defendant in this case. Plaintiff's cause of action against Defendant accrued on November 29, 2011, the date she suffered her alleged injuries. Thus, the two-year statute of limitations expired on November 29, 2013. However, because that date was the day after Thanksgiving, the Collin County District Court was closed and the deadline was extended to the next business day, Monday, December 2, 2013. *See* TEX. CIV. PRAC. & REM. CODE § 16.072; Dkt. #16 at Ex 1-C, Collin County Holidays webpage, App. 11.

It is undisputed that Plaintiff's Petition was not filed in state court until December 5, 2013, three days after the statute of limitations expired. Defendant argues that, as a result, Plaintiff's claims are barred by the applicable two-year statute of limitations.

In response, Plaintiff asserts that she timely submitted her Petition for e-filing in state court prior to the expiration of the statute of limitations in this case, but because of technical problems with the e-filing system, of which Plaintiff was not made aware until after the statute of limitations expired, Plaintiff's Petition would have been timely filed. Plaintiff argues that the Court should equitably toll the statute of limitations and deny Defendant's motion for summary judgment.

In a diversity case, the Court examines the Texas statute of limitations and tolling doctrines to determine this question. *Doe v. St. Stephen's Episcopal School,* 382 F. App'x 386, 388 (5th Cir. 2010). As the Fifth Circuit explained, "Texas courts sparingly apply equitable tolling and look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine 'to avoid the consequences of their own negligence.'" *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (quoting *Hand v. Stevens Transport, Inc.*, 83 S.W.3d 286, 293 (Tex. App.–Dallas 2002, no pet.)). The Court in *Myers* noted that federal courts are similarly sparse in their application of equitable

tolling. *Id.* The factors that must be considered in deciding whether to apply equitable tolling are: (1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement. *Hand*, 83 S.W.3d at 293 (citing *Jobe v. Immigration & Naturalization Serv.*, 238 F.3d 96, 100 (1st Cir.1999); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).

The Fifth Circuit has applied equitable tolling in situations "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some other extraordinary way from asserting his rights." *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 357 (5th Cir. 2011) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Texas state courts have applied equitable tolling in cases of a good faith mistake by a plaintiff. *See Heart Hosp. IV, L.P. v. King*, 116 S.W.3d 831, 836 (Tex. App.–Austin 2003, pet. denied) (citation omitted); *Jackson v. Univ. of Tex. Health Sci. Ctr. Police Dep't*, No. 04–03–00553–CV, at *3 (Tex. App.–San Antonio Mar. 24, 2004, no pet.); *Torres v. Johnson*, 91 S.W.3d 905, 909 (Tex. App.–Fort Worth 2002, no pet.). "Equitable tolling applies in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the complainant has been induced or tricked by his adversary's misconduct into allowing the following deadlines to pass." *Smith v. J-Hite, Inc.*, 127 S.W.3d 837. 843 (Tex. App.–Eastland 2003, no pet.) (citations omitted).

The Court could not find any cases, and the parties do not cite any cases, that address equitable tolling in the context of a technical error that prevents the filing of the Petition. Thus, the Court will look to the five factors that must be considered in determining whether to permit

6

equitable tolling in a given case. Plaintiff agrees that she had actual and constructive knowledge of the filing requirements, thus the Court need not consider the first, second, and fifth factors. The two remaining factors are the diligence of Plaintiff in pursuing her rights, and the potential prejudice to Defendant.

The Court finds that there is no real prejudice to Defendant from the late filing of Plaintiff's Petition. Plaintiff filed suit only three days after the deadline for filing her Petition, and Marmaxx Operating Corp. was served on December 13, 2013, only 11 days after Plaintiff's filing deadline. Defendant had adequate time to receive notice of the lawsuit, remove the lawsuit to this Court, and prepare a defense. There is no evidence of prejudice to Defendant from the late filing.

The Court will now look at the diligence of Plaintiff in filing her Petition. It is undisputed that the statute of limitations expired on November 29, 2013, but because that Friday was the day after Thanksgiving, the Collin County District Court was closed. Thus, Plaintiff's filing deadline was extended to Monday, December 2, 2013.

Leading up to the expiration of the statute of limitations in this case, Plaintiff retained Powers Taylor, LLP to represent her in this lawsuit prior to April 29, 2013 (Dkt. #17, Ex. A, Response No. 12). This is seven months prior to the expiration of the statute of limitations, and Plaintiff offers no explanation for her failure to file her Petition during this seven-month period.

Plaintiff elected to file her Petition electronically, which was not mandatory in Collin County at the time Plaintiff's Petition was filed. Plaintiff could have also filed her Petition by going to the Collin County District Clerk's office to file her Petition in person, or by mailing her Petition to the Collin County District Clerk's office. Thus, Plaintiff had a variety of options regarding how to file her Petition, and chose to do so electronically. Plaintiff contends that she submitted her Petition to

7

the court's third-party electronic filing service provider, which at that time was One Legal, on November 26, 2013. Plaintiff argues that due to a technical failure, her Petition was not timely filed. However, the Court notes that there is no actual evidence that there was a technical failure. The affidavit from a representative of One Legal, Kristal Haglund ("Haglund"), states that there were "frequent and numerous technical problems" with the Texas e-filing system during the month of November. While this may be true, this does not necessarily mean that this particular failure to file was a technical problem rather than user error or some other deficiency. However, Defendant does not dispute that there was a technical problem, and, at least for the purposes of this motion, the Court will assume that a technical failure occurred with the e-filing system that prevented the filing of Plaintiff's Petition on November 26, 2013.

On November 26, 2013, Plaintiff submitted her Petition to One Legal for e-filing, and Plaintiff's counsel received notification that the Petition was received by One Legal and that One Legal would notify Plaintiff's counsel as soon as they could as to whether the Petition was accepted or rejected (Dkt. #16, Ex. 3-A). Further, One Legal notified Plaintiff's counsel that they would send a confirmation report and related documents when the transaction was complete. *Id*. In addition, it appears that Plaintiff's counsel could check the transaction status at any time by logging into the One Legal account. *Id*. As stated above, the evidence indicates that Plaintiff's Petition was cancelled, re-submitted, and cancelled again, all in just over one minute, on November 26, 2013 (Dkt. #16, Ex. 2 ¶ 8). Plaintiff's counsel never received notification that the Petition was accepted or rejected, and did not receive confirmation that the transaction was complete. Despite the failure to receive anything from One Legal on the status of Plaintiff's Petition, Plaintiff's counsel did not follow up with One Legal or the Collin County District Court on November 26 or 27, 2013, which

were business days prior to the Thanksgiving holiday. Plaintiff's counsel also did not follow up on December 2, 2013, which was also a business day, and the last day of the statute of limitations period. It was not until Tuesday, December 3, 2013, that Plaintiff's counsel contacted One Legal about the status of Plaintiff's Petition, and the technical failure was discovered. Plaintiff's counsel filed the Petition in person an additional two days later, on December 5, 2013.

Based on these facts, the Court finds that Plaintiff did not demonstrate diligence in filing her Petition. First, Plaintiff delayed filing her Petition approximately seven months after retaining counsel in this matter. Second, the alleged technical failure occurred on November 26, 2013, and Plaintiff's counsel delayed following up on the status of the transaction until December 3, 2013, despite the fact that three business days elapsed after the technical failure, during which time Plaintiff's counsel could have chosen a different manner of filing by which to cure the deficiency. Third, had Plaintiff's counsel simply followed-up with One Legal or the Collin County District Court, he would have been alerted to the technical failure, and could have either filed the Petition in person or by the United States Postal Service, using the mailbox rule. Instead, Plaintiff's counsel waited until December 3, 2013, the day after the limitations deadline passed, to follow up on the filing of Plaintiff's Petition. Additionally, the Petition was still not filed until December 5, 2013. "Texas courts sparingly apply equitable tolling and look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine 'to avoid the consequences of their own negligence.'" *Myers*, 464 F. App'x at 349 (citation omitted). Thus, the Court finds that Plaintiff was not diligent in filing her Petition, and that it would not be appropriate to apply equitable tolling to the facts of this situation.

The Court notes that Texas has amended its Rules of Civil Procedure to address technical

issues when e-filing, which became effective January 1, 2014. Texas Rule of Civil Procedure 21(f)(6) now provides that "[i]f a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court. If the missed deadline is one imposed by these rules, the filing party must be given a reasonable extension of time to complete filing." The Court first notes that this rule was not in effect at the time Plaintiff's Petition was filed, and does not apply here. Further, Plaintiff had multiple options for filing her Petition, as e-filing did not become mandatory in Collin County until January 1, 2014. In addition, even in the event of a technical failure, the rule leaves the decision on what relief is appropriate to the discretion of the court. The Court finds that this rule is not persuasive in its decision in the present case.

## CONCLUSION

Based upon the foregoing, the Court finds that Defendants' Motion for Summary Judgment (Dkt. #15) is hereby **GRANTED** and Plaintiff's case is **DISMISSED** with prejudice.

**SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE